UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL RODRIGUEZ, individually and on behalf of others similarly situated,<br><br>               Plaintiff,<br><br>    -against-<br><br>6 SOUTH BROADWAY CORP d/b/a RIVER CITY GRILLE and ROBERT MANZI,<br><br>            Defendants, | Case No.:<br><br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff ISRAEL RODRIGUEZ ("Plaintiff") individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants 6 SOUTH BROADWAY CORP d/b/a RIVER CITY GRILLE (the "Corporate Defendant") and ROBERT MANZI ("Manzi" or the "Individual Defendant") (the Corporate Defendant and Manzi are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3.      Plaintiff is a resident of New York State, who was employed by Defendants from 2001 until in and about March 14, 2021.

4.      Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 6 S Broadway, Irvington, NY 10533.

5.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6.      Plaintiff worked with tools and materials that travelled through interstate commerce, particularly ingredients and cooking utensils.

7.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

10.     Upon information and belief, Defendant Manzi resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendant.

11. Upon information and belief, the Individual Defendant is the owner of restaurant called River City Grille, which is engaged in the business of serving food, and drinks to customers the State of New York.

12. Defendants employ cooks, dishwashers, and other employees whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

13. Upon information and belief, Defendant Manzi is a principal and officer of the Corporate Defendant.

14. Defendant Manzi possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay, and maintain payroll records.

15. Defendant Manzi hired Plaintiff, set his schedule, and determined how much Plaintiff would be paid.

16. Defendant Manzi approves the payroll practices for Defendants' employees, including Plaintiff.

17. Defendant Manzi possesses operational control over the restaurants and their employees through his financial control over the restaurants.

18. Plaintiff has been employed by Defendants to work as a cook within the last six (6) years.

19. Defendant Manzi is engaged in business in the County of Westchester. She is sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

20.     Defendant Manzi exercises sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

21.  At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

22.     Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of herself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of herself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

i.   Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

ii.  Defendants' failure to pay minimum wage compensation required by federal and state law and regulations to Plaintiff;

iii. Defendants' failure to provide Plaintiff with spread-of-hours payments under 12 NYCRR 146-1.6;

iv.  Defendants' failure to provide Plaintiff with a wage notice and pay stubs as required by NYLL § 195; and

v.   Defendants' failure to timely pay Plaintiff for the last week of his employment in violation of NYLL § 191.

## FACT ALLEGATIONS

**I.      Defendants' Wage and Hour Violations.**

23.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

**A. Defendants' Violation of Minimum Wage and Overtime Laws.**

24.    Plaintiff worked for Defendants as a cook from approximately 2001 until in and about March 21, 2021, when Plaintiff resigned his employment because Defendants failed to pay him properly.

25.    From 2014 through the end of 2016, Plaintiff worked 6 days a week.

26.    During that period, Plaintiff's official schedule was:

   a.  On Sunday from 10:00 a.m. to 9:00 p.m.;
   b.  On Monday from 10:00 a.m. to 10:00 p.m.;
   c.  On Tuesday from 10:00 a.m. to 10:00 p.m.;
   d.  On Thursday from 10:00 a.m. to 10:00 p.m.;
   e.  On Friday from 10:00 a.m. to 10:00 p.m. or 11:00 p.m.; and
   f.  On Saturday from 10:00 a.m. to 10:00 p.m. or 11:00 p.m.

27.    From 2017 through the middle of March 2020, Plaintiff worked 5 days a week.

28.    During that period, Plaintiff's official schedule was:

   a.  On Sunday from 10:00 a.m. to 9:00 p.m.;
   b.  On Monday from 10:00 a.m. to 10:00 p.m.;
   c.  On Thursday from 10:00 a.m. to 10:00 p.m.;
   d.  On Friday from 10:00 a.m. to 10:00 p.m. or 11:00 p.m.; and
   e.  On Saturday from 10:00 a.m. to 10:00 p.m. or 11:00 p.m.

29.    Starting in March 2020 until the end of Plaintiff's employment, Plaintiff worked:

   a.  On Sunday from 2:00 p.m. to 9:00 p.m.;

    b.  On Monday from 2:00 p.m. to 9:00 p.m.;
    c.  On Thursday from 2:00 p.m. to 9:00 p.m.;
    d.  On Friday from 2:00 p.m. to 10:00 p.m.;
    e.  On Saturday from 2:00 p.m. to 10:00 p.m.

30.   During his employment, Plaintiff sometimes began work before his shift or ended after his shift.

31.   On many holidays and special days such as Mother's Day Plaintiff worked from 8:00 a.m. to 9:00 p.m.

32.   Plaintiff also worked a longer schedule if there was a party.

33.   Although Plaintiff regularly worked more than 40 hours a week, Defendants paid Plaintiff a set weekly salary no matter how many hours he worked.

34.   Defendants paid Plaintiff a set weekly salary of $600 by check and $150 in cash.

35.   Defendants did not pay Plaintiff extra payments for his overtime hours.

**B.  <u>Additional Wage Violations Affecting Plaintiff.</u>**

**1.  Notice and Recordkeeping Violations.**

36.   Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

37.   Defendants did not provide Plaintiff when his pay changed in 2015 with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

38.   Defendants also did not provide Plaintiff with a proper paystub specifying his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

39.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 2.  Defendants' Failure to Pay Spread-of-Hours Payments.

40.     Defendants failed to pay Plaintiff spread-of-hours payments.

41.     Although Plaintiff regularly worked more than 10 hours in a day, Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day.

### 3.  Defendants' Unlawful Misappropriation of Plaintiff's Tips.

42.     Defendants misappropriated Plaintiff's tips.

43.     Defendants charged a mandatory tip charge of 3% to customers but did not provide the full amount to Plaintiff.

44.     Instead, Defendants retained part of the tip and only provided to Plaintiff a maximum of $50 weekly for the tips.

45.     Accordingly, Defendants violated the NYLL by misappropriating Plaintiff's tips.

### 4.  Defendants' Failure to Timely Pay Plaintiff For His Last Week of Work.

46.     Defendants did not timely pay Plaintiff anything at all for his last week of work.

47.     Defendants typically paid Plaintiff weekly.

48.     However, Defendants did not provide to Plaintiff his last week of pay until 14 days after his employment ended.

III.  **Collective Action Allegations.**

49.    Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

50.    Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself, individually, and all other similarly situated current and former employees of Defendants under 29 U.S.C. § 216(b).

51.    Upon information and belief, there are at least 3 cooks, dishwashers and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

52.    At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required and overtime compensation for hours worked in excess of forty (40) per workweek.  Plaintiff's claims stated herein are similar to those of other employees.

53.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

III.  **Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.**

54.    Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who worked for Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as cooks, dishwashers, and other employees within the statute of limitations.

55.    Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

56.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

57.    The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

58.    Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

59.    A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

60.    Plaintiff brings the second through fifth and seventh claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## **FIRST CLAIM FOR RELIEF**
### **(Overtime Wage Violations under the FLSA)**

61.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62.    Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

9

63.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

64.     Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL)

65.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

67.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

68.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL)

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     New York law requires that an employee be paid a minimum wage for all hours worked.

71.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required minimum wage rates.

72.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

73.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring or change for pay, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

75.     Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

76.     Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

77.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Unpaid Spread-of-Hours)

78.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

79.     Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

80.      Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

81.     As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs,

liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Failure to Pay Wages)

82.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83.    NYLL § 191 requires that employees be timely paid for their final week of work.

84.    Defendants failed to timely pay Plaintiff for his last week of pay in accordance with their pay practices.

85.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery of his pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Unlawful Misappropriation of Tips under the NYLL)

86.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87.    NYLL § 196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

88.    Defendants retained a portion of the tips that Plaintiff and other similarly situated employees received from Defendants' patrons.

13

89.    As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery of their tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiff's costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: September 3, 2021
       New York, New York

Respectfully submitted,

*Michael Taubenfeld*
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by 6 SOUTH BROADWAY CORP d/b/a RIVER CITY GRILLE and ROBERT MANZI and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
NAME

_____
SIGNATURE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Israel Rodriguez.

_____
KATHERINE TENEMPAGUAY

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de 6 South Broadway Corp. o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

_Israel Rodriguez_
NOMBRE

_[firma]_
FIRMA

_6/23/2021_
FECHA