F I S H E R  |  T A U B E N F E L D  LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 571-0700 ex. 102
Writer's email: michael@fishertaubenfeld.com

March 2, 2022

**VIA ECF**
Hon. Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

     Re: Rodriguez v. Manzi et al.
     SDNY Case No.: 21-cv-7438 (JCM)        

Dear Judge McCarthy:

   We represent Plaintiff in this action.  We write with consent of Defendants for settlement purposes only to respectfully request that the Court approve the Parties' settlement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). Due to an unforeseen delay, the parties have been unable to execute the agreement, and are attaching the unsigned agreement as **Exhibit 1**.  They will provide to the Court the fully-executed agreement by March 4, 2022.

    **1.  Factual and Procedural Background.**

   Plaintiff is a former employee who worked for Defendants' restaurant for approximately 20 years in New York State as a cook.  Plaintiff alleges that he generally worked 6 days a week for 11 or more hours a day until the end of 2016.  From 2017 until the pandemic began in March 2020, Plaintiff alleges that he worked 11 or more hours for 5 days a week.  Once the pandemic began, Plaintiff worked very little overtime.  For this work, according to Defendants' records, they paid to Plaintiff an hourly rate for each hour he worked, as well as tips that were not relevant to Plaintiff's claims.  Further, Plaintiff alleges that Defendants failed to provide him with proper paperwork, specifically accurate paystubs because they paid him partly in cash, and failed to pay him spread-of-hours payments when he worked more than 10 hours a day, which he did regularly until the pandemic hit.  Plaintiff alleges that these policies violated the FLSA and NYLL.

Defendants dispute all of Plaintiff's claims, and deny that they violated the FLSA or the NYLL. Defendants assert that Plaintiff's hours were memorialized by a Point of Sale (POS) system, which recorded the times at which Plaintiff clocked in and out, and the total number of hours that he worked, on daily basis. Defendants contend that their POS records reflect that during the relevant period, Plaintiff frequently worked far less than the eleven hours per day, five days a week that he claims. Additionally, Defendants have records showing the payments made to Plaintiff both by check, for all hours up to forty hours each week, and in cash, for hours over forty each week.

For the purposes of mediation, Defendants provided to Plaintiff time and pay records that reflected that Defendants paid Plaintiff an hourly rate of pay for each of his hours. Using these records, Plaintiff calculated that he was owed $44,018.04 in unpaid overtime and spread-of-hours pay, an equal amount of liquidated damages, and $5,000 for the failure to provide proper paystubs. Plaintiff's computation of his total damages therefore equaled $93,036.07. Defendants challenged Plaintiff's computation, and asserted that the actual amount owed was considerably lower.

In light of these disputed facts, the parties participated court-ordered mediation and attended three separate mediation sessions. Ultimately, the parties reached a settlement in principle in late January 2022 and finalized it in March 2022 (**Exhibit 1**). Under the proposed Agreement, Plaintiff is to receive a gross settlement payment of $70,000 within 30 days of settlement approval. Of that amount, Plaintiff will receive $46,025.32 and my firm will receive $23,974.67. In exchange, Plaintiff agrees to release only his FLSA and NYLL claims. There is no confidentiality clause in the agreement. The parties included a mutual non-disparagement clause that contains a carve-out for truthful statements, as well as a clause prohibiting Plaintiff from entering the restaurant, which Plaintiff voluntarily agreed to as he has no interest in returning to the restaurant.

## 2. Settlement Approval is Warranted.

The Court should approve the settlement. In considering a FLSA settlement submitted for approval, courts must consider whether the agreement reflects a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (Furman, J.). If the proposed FLSA settlement reflects a reasonable compromise of contested issues, it should be approved. See Diaz v. Scores Holding Co., No. 07 CIV. 8718 THK, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011). "Arm's length bargaining between represented parties weighs in favor of finding a settlement reasonable." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (Gorenstein, M.J.). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Id.

The settlement amount of $70,000 constitutes approximately 75% of Plaintiff's best-case damages, and reflects a reasonable compromise of hotly contested issues. Further, even after deducting for fees and costs, Plaintiff is receiving more than 100% unpaid overtime pay under the FLSA and NYLL. The settlement is also reasonable because Defendants operate a small

restaurant that has been hit hard by COVID closures and have advised Plaintiff that they will not be able to afford a significant award at trial if Plaintiff prevails, and Plaintiff may ultimately receive nothing if he litigates the merits. Therefore, even though Plaintiff is not receiving all of his liquidated damages under the FLSA and NYLL, he benefits from receiving a large portion of his alleged damages upfront without waiting potentially years to recover and taking the risk of recovering nothing at all.

In addition, there is no confidentiality clause in the agreement and the non-disparagement clause contains a carveout for truthful statements, which courts have approved. de Jesus Prudente v. Brother's Bakery Cafe Corp., No. 21-CV-594 (RA), 2021 WL 1999465, at *2 (S.D.N.Y. May 19, 2021). Further, the release is limited to wage and hour claims. Id. at *2. Finally, although Plaintiff is agreeing to not return to Defendants' restaurant, that provision is not prejudicial to Plaintiff, who has no intention of going to the restaurant and has not done so in the almost one year since his employment ended. Accordingly, these provisions are appropriate.

The attorneys' fees and costs are reasonable as well. My firm has incurred $9,225.00 in fees in this matter, which included drafting the complaint, reviewing pay and time records, attending three separate mediation sessions and drafting the mediation statement, and revising the settlement agreement and drafting this letter. See, my firm's timesheets as **Exhibit 2**. My firm has spent 20.5 hours performing this work.

I am the only attorney who worked on this case and am requesting an hourly rate of $450. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this Circuit in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT). I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers and Fisher Taubenfeld LLP bills my work at $495 an hour to non-contingency based clients. Courts in this District have awarded hourly rates of $450 or more to experienced FLSA practioners. Lianhua Weng v. Kung Fu Little Steamed Buns Ramen, Inc., No. 17-CV-273 (LAP), 2021 WL 2043399, at *2 (S.D.N.Y. May 21, 2021) (awarding partner $550.00 per hour); Gonzalez v. Scalinatella, Inc., 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015) (awarding partner $450.00 per hour).

My firm's lodestar is therefore 2.49. My firm is requesting a contingency fee of a 33.3% net of costs, and courts in this Circuit regularly approve that amount. Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (approving 33.3%); Merino Leon v. Univ 45 Fruit & Vegetable Corp., No. 19-CV-8266 (RA), 2020 WL 1322580, at *2 (S.D.N.Y. Mar. 20, 2020) (citing cases). Courts have recognized that reducing fees below a contingency fee because of early settlement has the "potential to create a disincentive to early settlement." Hyun v. Ippudo USA Holdings, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016) (quoting McDaniel v. Cty. of Schenectady, 595 F.3d

3

411, 418 (2d Cir. 2010)); Tovar v. Empire Shoe Repairing Corp., No. 19-CV-3474 (VSB), 2020 WL 8991775, at *2 (S.D.N.Y. May 6, 2020) (awarding a 2.5 lodestar); Riveras v. Bilboa Rest. Corp., No. 17-CV-4430-LTS-BCM, 2018 WL 8967112, at *1 (S.D.N.Y. Dec. 14, 2018) (awarding a 6.7 lodestar because "[a]pplying a lower lodestar multiplier may result in penalizing plaintiffs' counsel for achieving an early settlement."); Pinzon v. Jony Food Corp., No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) (awarding a 5.23 multiplier and "recognizing the importance of encouraging the swift resolution of cases . . . and avoiding creating a disincentive to early settlement —particularly where such settlement has provided Plaintiff with a substantial and speedy result."); see also Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005) (noting that the "lodestar create[s] an unanticipated disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits."). Indeed, early settlement benefits everyone involved in a lawsuit: plaintiffs got paid earlier, defendants save unnecessary attorneys' fees, and the court preserves scarce judicial resources. Plizga v. Little Poland Rest. Inc., No. 15CV08820LAKBCM, 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016) (the parties "reached a settlement agreement in principle—without the aid of the Court—before the initial pretrial conference, which was never held. The settlement negotiations themselves were 'extensive,' however, and based in part on payroll records and other documents provided informally by defendants. There is much to be admired in this approach, which conserves both attorney time and judicial resources."). The parties worked hard to settle this case early without the expenditure of judicial resources or significant amount of attorney time, and therefore the Court should permit my firm to recover one-third of the settlement.

       Finally, the costs are reasonable.   Under the agreement, my firm will receive $402.00 in costs.   The costs are comprised entirely of the filing fee.   Accordingly, the Court should approve Plaintiff's attorneys' fees and costs.

       Thank you for your attention to the above.

                Respectfully Submitted,

                --------------------/s/---------------

                Michael Taubenfeld

Encl.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL RODRIGUEZ,<br><br>                              Plaintiffs,<br><br>       – against –<br><br>6 SOUTH BROADWAY CORP. d/b/a RIVER CITY<br>GRILLE, and ROBERT MANZI, an individual,<br><br>                              Defendants. | No.: 1:21-cv-07438 (VLB)<br><br>**SETTLEMENT AGREEMENT<br>AND RELEASE OF CLAIMS** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Israel Rodriguez ("Rodriguez" or "Plaintiff") on the one hand, and Defendants 6 South Broadway Corp. d/b/a River City Grille ("River City Grille") and Robert Manzi ("Mr. Manzi") (collectively, the "Defendants")), on the other hand. Together, Plaintiff and Defendants are referred to as the "Parties."

**WHEREAS**, Plaintiff has commenced the above-captioned action against Defendants in the United States District Court for the Southern District of New York (the "Court"), Civil Action No.: 1:21-cv-07438 (VLB)) (the "Litigation"), alleging, among other things, claims of violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New York Labor Law (N.Y. Lab. Law. § 190 *et seq.* ("NYLL");

**WHEREAS**, Defendants deny that they have violated the FLSA and/or the NYLL; and

**WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation, and have arrived at a mediated proposal for the settlement of the Litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.    **Payment**.    Defendants jointly and severally shall pay or cause to be paid to Plaintiff Rodriguez, subject to the terms and conditions of this Agreement, the total gross sum of **Seventy Thousand Dollars and Zero Cents ($70,000.00)** (the "Negotiated Settlement Amount") to be delivered to Plaintiff Rodriguez's attorney, as follows:

          a.    **Payment Checks**.

          i.    One (1) payroll check in the gross amount of **Twenty-Three Thousand One Hundred Ninety-Nine Dollars and Thirty-Three Cents ($23,199.33),** less standard withholdings/deductions for employees, made payable to "Israel Rodriguez," representing payment for unpaid wages.  Plaintiff shall be issued an IRS Form W-2 in connection with this payment.

          ii.    One (1) check in the gross amount of **Twenty-Three**

Thousand One Hundred Ninety-Nine Dollars and Thirty-Four Cents
(**$23,199.34**)**,** made payable to "Israel Rodriguez," representing liquidated
damages in respect of unpaid wages.  Plaintiff shall be issued an IRS Form
1099 in connection with this payment.

iii.      One (1) check in the gross amount of **Twenty-Three
Thousand Six Hundred One Dollars and Thirty-Three Cents
(**$23,601.33**)**,** made payable to "Fisher Taubenfeld LLP," representing
payment to Plaintiff's counsel for attorneys' fees.  Plaintiff and Plaintiff's
counsel shall be issued IRS Forms 1099 in connection with this payment.

b.      <u>**Timing of Delivery of Payment Checks**</u>.  The payment checks
described in Paragraph 1.a shall be delivered to Plaintiff's counsel, Fisher
Taubenfeld LLP, at 225 Broadway, Suite 1700, New York, New York 10007,
within thirty (30) days after the Court's approval of this Agreement.

c.      <u>**Consideration for Release of Wage-and-Hour Claims**</u>.  The
Negotiated Settlement Amount described in Paragraph 1 shall be paid to or on
behalf of Plaintiff in exchange for Plaintiff's release of any and all wage-and-hour
claims relating to Plaintiff's employment with Defendants that Plaintiff has or
could have asserted against the Defendants in the Litigation, and in full, complete,
and final settlement and satisfaction of any and all wage-and-hour claims that
Plaintiff Rodriguez has or may have against Defendants, through the date this
Agreement is executed.

2.      <u>**Taxes**</u>.  No later than the date of Plaintiff's execution of this Agreement,
Plaintiff will provide Defendants with updated executed IRS Forms W-4 and W-9, and
Plaintiff's counsel, Fisher Taubenfeld LLP, will provide Defendants with an executed
IRS Form W-9.  Defendants shall issue the appropriate IRS Form W-2 and IRS Forms
1099 to Plaintiff and to Plaintiff's counsel, Fisher Taubenfeld LLP, in connection with
amounts paid by Defendants pursuant to this Agreement.  Defendants shall deliver all
such IRS Forms to Plaintiff's counsel, Michael Taubenfeld, Esq., at the appropriate time.

a.      <u>**Responsibility for Tax Payments**</u>.  Plaintiff and/or Plaintiff's
counsel shall be solely responsible for the payment of any taxes owed on
Plaintiff's share and Plaintiff's counsel's share, respectively, of any taxes owed
on the Negotiated Settlement Amount.  Plaintiff represents that no tax advice has
been given to him by Defendants or their representatives, and he understands that
Defendants make no representation or guarantee as to the tax consequences of the
Negotiated Settlement Amount.

b.      <u>**Tax Indemnity**</u>.  In the event that any federal, state or local taxing
authority or court determines that taxes, interest, penalties and/or other costs are
due and owing by Defendants as a result of any non-payment by Plaintiff and/or
Plaintiff's counsel made hereunder (a "Tax Claim"), said Tax Claim shall be the
sole obligation and liability of Plaintiff, who shall hold harmless and indemnify
Defendants from any tax-related or other liability.  Defendants and/or their
attorneys shall give written notice of such Tax Claim by e-mail or overnight mail,
to Plaintiff's counsel, Michael Taubenfeld, Esq.,  Fisher Taubenfeld LLP, 225
Broadway, Suite 1700, New York, New York 10007;

michael@fishertaubenfeld.com; within seven (7) business days of receipt of notice of such Tax Claim, and Defendants and/or their counsel shall provide Plaintiff a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision.  Defendants and/or their counsel shall reasonably cooperate with Plaintiff and/or with his counsel, to the extent possible, to minimize the costs associated with this indemnity.

       c.    **Tax Treatment of Attorneys' Fees**.  The portion of the Negotiated Settlement Amount referred to in Subparagraph 1.a.iii  is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2).

       3.    **Release of Wage-and-Hour Claims**.  In consideration of the payment by the Defendants of the Negotiated Settlement Amount described in Paragraph 1, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself and his agents, assigns, heirs, executors, administrators and representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, and each of their respective (as applicable) heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers (collectively, "Releasees"), from any and all actions, charges, causes of action, complaints, claims, judgments and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity, including but not limited to all of the claims asserted or that could have been asserted in the complaint in the Litigation concerning wage-and-hour matters relating to Plaintiff's employment with the Defendants, including, but not limited to, any and all wage-and-hour and related claims arising under the Fair Labor Standards Act, the New York Labor Law, and/or the New York Wage Theft Prevention Act, as well as wage-and-hour claims for minimum wages, overtime compensation, spread-of-hours compensation, statutory penalties and any other unpaid compensation and/or wages, and any and all claims for breach of contract, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants, whether based on common law or otherwise, in connection with Plaintiff's employment with Defendants (collectively, "Claims"), from the beginning of the world through the date of Plaintiff's execution of this Agreement.

       a.    **Collective/Class Action Waiver**.  Plaintiff waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding based on any FLSA and/or NYLL claim in which any Defendant is a party.  In the event any class or collective action is brought against any Defendant pursuant to the FLSA and/or the NYLL, which includes or may include Plaintiff, upon learning of the Plaintiff's inclusion, Plaintiff shall within a reasonable time (not to exceed two (2) weeks) withdraw therefrom without obtaining or accepting any relief or recovery.

       b.    **Covenant Not to Sue**.  Plaintiff covenants not to file any complaint, claim or suit in any judicial or administrative forum, including but not

limited to any state or federal court in New York; the United States Department of Labor, or the New York State Department of Labor, regarding the Claims and/or alleging a violation of the FLSA and/or the NYLL by any Defendant. Plaintiff represents that other than the Litigation, he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action regarding the Claims and/or alleging a violation by any Defendant of the FLSA and/or the NYLL against any of the Defendants in any judicial or administrative forum, including but not limited to any state or federal court in New York; the United States Department of Labor, or the New York State Department of Labor.

      c.    **Claims Not Released**. The release contained in this Paragraph 3 does not extend to (i) any subsequent action or proceeding to enforce this Agreement or (ii) any claims that cannot lawfully be waived or released.

      d.    **Effective Date of Release.** The release contained in this Paragraph 3 shall become effective upon receipt by Plaintiff and/or his counsel of the Negotiated Settlement Amount in accordance with this Agreement.

      4.    **Dismissal of the Litigation in Its Entirety.** As part of the submission of this Agreement to the Court for approval, the Parties shall request that the Court dismiss the Litigation in its entirety, with prejudice as to the Plaintiff. The Parties shall cooperate in submitting any additional documentation that may be required by the Court to effect the dismissal of the Litigation in its entirety, and with prejudice as to the Plaintiff. The parties shall jointly request that the Court retain jurisdiction over this case to interpret and enforce the Agreement.

      5.    **No Admission of Wrongdoing**. Neither the execution of nor compliance with this Agreement by Defendants shall be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order, and Defendants and/or Releasees specifically disclaim any liability, culpability, negligence, or wrongdoing toward Plaintiff.

      6.    **Non-Disparagement.**

      a.    Plaintiff shall not, in any manner, disparage or make any negative or disparaging statements about or concerning Defendants in any forum or form, whether electronic or otherwise, including, without limitation, (i) comments or statements to the press or any individual or entity which could adversely affect the conduct of the business of Defendants or the reputation or interests of Defendants, and/or (ii) any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the business of Defendants or the reputation or interests of Defendants. Notwithstanding the foregoing, nothing in this Agreement shall prevent or prohibit Plaintiff from making truthful statements about this Litigation and his experience litigating this Litigation.

      b.    Mr. Manzi shall not, in any manner, disparage or make any negative or disparaging statements about or concerning Plaintiff in any forum or form, whether electronic or otherwise, including, without limitation, (i) comments or statements to the press or any individual or entity which could adversely affect

the reputation or interests of Plaintiff, and/or (ii) any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the reputation or interests of Plaintiff.

7.    **No Entry Upon Defendants' Premises/Work Sites**.  Plaintiff shall not enter Defendants' principal place of business, River City Grille, located at 6 South Broadway, Irvington, New York 10533, including the adjacent parking areas.  Plaintiff acknowledges that this covenant constitutes a material inducement for the Defendants to enter into this Agreement.

8.    **Modification of the Agreement**.  This Agreement may not be changed unless the changes are in writing and signed by the respective proper representatives of Plaintiff Rodriguez and Defendants.

9.    **Acknowledgments**.  Plaintiff Rodriguez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement.  Plaintiff Rodriguez and Defendants further acknowledge that the only consideration for signing this Agreement is as set forth in this Agreement.  Plaintiff further acknowledges that he is not entitled to any additional payment for wages or any other compensation from Defendants other than the Negotiated Settlement Amount.

10.    **Prevailing Party Fees**.  Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

11.    **Notices**.  Notices required under this Agreement shall be in writing by first-class mailing or email and shall be deemed given on the first business day following first-class mailing or electronic transmission thereof.  Notice hereunder shall be delivered:

To Plaintiff Rodriguez:

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Tel: (212) 571-0700
Email: michael@fishertaubenfeld.com

To Defendants:

Regina E. Faul, Esq.
PHILLIPS NIZER LLP
485 Lexington Avenue
New York, NY 10017
(212) 977-9700
Email: rfaul@phillipsnizer.com

12.     **Governing Law**.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.  This Agreement shall not become effective or enforceable until it is approved by the Court.

13.     **Enforceability**.  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Rodriguez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14.     **Release Notification**.  Defendants advised Plaintiff to discuss the terms of this Agreement and the release of the Claims with his legal counsel, and Plaintiff acknowledges that he has consulted with Fisher Taubenfeld LLP.  Plaintiff Rodriguez acknowledges that it is his choice to waive the Claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel.  Plaintiff Rodriguez confirms that he understands the terms of this Agreement and the release of the Claims, and that he is signing this Agreement voluntarily.

15.     **Counterparts**.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  This Agreement may be executed and/or transmitted by facsimile/electronic means, including but not limited to the use of reputable third-party services such as DocuSign.  Any signature made and/or transmitted by facsimile/electronic means for the purpose of executing this Agreement shall be deemed an original signature of this Agreement and shall be binding upon the Party whose counsel transmits such signature by facsimile/electronic means.

**IN WITNESS THEREOF**, the Parties have knowingly and voluntarily executed this Agreement as of the dates set forth below.


**PLAINTIFF**:


_____          _____
**ISRAEL RODRIGUEZ**                              Date

**DEFENDANTS:**

**6 SOUTH BROADWAY CORP. D/B/A RIVER CITY GRILLE**

By: _____          _____
                                                                          Date

Print Name  _____

Title  _____


_____          _____
**ROBERT MANZI**                                                      Date

7

**EXHIBIT 2**

| First name | Last name | Date | Day | In | Out | Hours | Job |
|---|---|---|---|---|---|---|---|
| Taubenfeld | | | | | | | |
| Michael | Taubenfeld | 09/01/2021 | Wed | | | 1.70 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Draft Complaint | | | | | | | |
| Michael | Taubenfeld | 09/03/2021 | Fri | | | 0.40 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Draft civil cover sheet and proposed summons | | | | | | | |
| Michael | Taubenfeld | 11/16/2021 | Tue | | | 0.30 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel re: settlement | | | | | | | |
| Michael | Taubenfeld | 12/20/2021 | Mon | | | 0.40 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Telco w/ mediator to discuss the upcoming mediation | | | | | | | |
| Michael | Taubenfeld | 01/04/2022 | Tue | | | 1.20 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Draft mediation statement and prepare damages calculations based on review of Defendants' time records | | | | | | | |
| Michael | Taubenfeld | 01/05/2022 | Wed | | | 0.40 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Telco w/ mediator to discuss the upcoming mediation | | | | | | | |
| Michael | Taubenfeld | 01/05/2022 | Wed | | | 0.60 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff to discuss mediation process | | | | | | | |
| Michael | Taubenfeld | 01/10/2022 | Mon | | | 4.50 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Attend mediation | | | | | | | |
| Michael | Taubenfeld | 01/19/2022 | Wed | | | 2.80 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Attend mediation | | | | | | | |
| Michael | Taubenfeld | 01/24/2022 | Mon | | | 0.50 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Review of Defendants' recently-produced pay records | | | | | | | |
| Michael | Taubenfeld | 01/26/2022 | Wed | | | 0.40 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Review and revise term sheet | | | | | | | |
| Michael | Taubenfeld | 01/26/2022 | Wed | | | 4.10 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Attend follow-up mediation | | | | | | | |
| Michael | Taubenfeld | 02/13/2022 | Sun | | | 0.70 | Rodriguez, Israel › Michael Taubenfeld |
| **NOTES:** Review and revise settlement agreement drafted by Defendants | | | | | | | |

| Michael | Taubenfeld | 02/25/2022 | Fri | 0.30 | Rodriguez, Israel › Michael Taubenfeld |

**NOTES:** Telco w/ Plaintiff to discuss the settlement agreement

| Michael | Taubenfeld | 03/01/2022 | Tue | 1.90 | Rodriguez, Israel › Michael Taubenfeld |

**NOTES:** Draft and provide to opposing counsel draft of Cheeks letter

| Michael | Taubenfeld | 03/02/2022 | Wed | 0.30 | Rodriguez, Israel › Michael Taubenfeld |

**NOTES:** Review Defendants' revisions to Plaintiff's Cheeks letter and incorporate edits and file