UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISRAEL RODRIGUEZ,

     Plaintiffs,

– against –

6 SOUTH BROADWAYCORP. d/b/a RIVER CITY GRILLE, and ROBERT MANZI, an individual,

     Defendants.

---

No.: 1:21-cv-07438 (VLB)

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff Israel Rodriguez ("Rodriguez" or "Plaintiff") on the one hand, and Defendants 6 South Broadway Corp. d/b/a River City Grille ("River City Grille") and Robert Manzi ("Mr. Manzi") (collectively, the "Defendants")), on the other hand. Together, Plaintiff and Defendants are referred to as the "Parties."

  **WHEREAS**, Plaintiff has commenced the above-captioned action against Defendants in the United States District Court for the Southern District of New York (the "Court"), Civil Action No.: 1:21-cv-07438 (VLB)) (the "Litigation"), alleging, among other things, claims of violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and the New York Labor Law (N.Y. Lab. Law. § 190 *et seq.* ("NYLL");

  **WHEREAS**, Defendants deny that they have violated the FLSA and/or the NYLL; and

  **WHEREAS**, the Parties desire to resolve all disputes between them without the necessity of further litigation, and have arrived at a mediated proposal for the settlement of the Litigation;

  **NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

  1. **Payment**. Defendants jointly and severally shall pay or cause to be paid to Plaintiff Rodriguez, subject to the terms and conditions of this Agreement, the total gross sum of **Seventy Thousand Dollars and Zero Cents ($70,000.00)** (the "Negotiated Settlement Amount") to be delivered to Plaintiff Rodriguez's attorney, as follows:

    a. **Payment Checks**.

      i. One (1) payroll check in the gross amount of **Twenty-Three Thousand One Hundred Ninety-Nine Dollars and Thirty-Three Cents ($23,199.33),** less standard withholdings/deductions for employees, made payable to "Israel Rodriguez," representing payment for unpaid wages. Plaintiff shall be issued an IRS Form W-2 in connection with this payment.

      ii. One (1) check in the gross amount of **Twenty-Three**

**Thousand One Hundred Ninety-Nine Dollars and Thirty-Four Cents ($23,199.34),** made payable to "Israel Rodriguez," representing liquidated damages in respect of unpaid wages. Plaintiff shall be issued an IRS Form 1099 in connection with this payment.

    iii.    One (1) check in the gross amount of **Twenty-Three Thousand Six Hundred One Dollars and Thirty-Three Cents ($23,601.33),** made payable to "Fisher Taubenfeld LLP," representing payment to Plaintiff's counsel for attorneys' fees. Plaintiff and Plaintiff's counsel shall be issued IRS Forms 1099 in connection with this payment.

    b.    **<u>Timing of Delivery of Payment Checks</u>**. The payment checks described in Paragraph 1.a shall be delivered to Plaintiff's counsel, Fisher Taubenfeld LLP, at 225 Broadway, Suite 1700, New York, New York 10007, within thirty (30) days after the Court's approval of this Agreement.

    c.    **<u>Consideration for Release of Wage-and-Hour Claims</u>**. The Negotiated Settlement Amount described in Paragraph 1 shall be paid to or on behalf of Plaintiff in exchange for Plaintiff's release of any and all wage-and-hour claims relating to Plaintiff's employment with Defendants that Plaintiff has or could have asserted against the Defendants in the Litigation, and in full, complete, and final settlement and satisfaction of any and all wage-and-hour claims that Plaintiff Rodriguez has or may have against Defendants, through the date this Agreement is executed.

2.    **<u>Taxes</u>**. No later than the date of Plaintiff's execution of this Agreement, Plaintiff will provide Defendants with updated executed IRS Forms W-4 and W-9, and Plaintiff's counsel, Fisher Taubenfeld LLP, will provide Defendants with an executed IRS Form W-9. Defendants shall issue the appropriate IRS Form W-2 and IRS Forms 1099 to Plaintiff and to Plaintiff's counsel, Fisher Taubenfeld LLP, in connection with amounts paid by Defendants pursuant to this Agreement. Defendants shall deliver all such IRS Forms to Plaintiff's counsel, Michael Taubenfeld, Esq., at the appropriate time.

    a.    **<u>Responsibility for Tax Payments</u>**. Plaintiff and/or Plaintiff's counsel shall be solely responsible for the payment of any taxes owed on Plaintiff's share and Plaintiff's counsel's share, respectively, of any taxes owed on the Negotiated Settlement Amount. Plaintiff represents that no tax advice has been given to him by Defendants or their representatives, and he understands that Defendants make no representation or guarantee as to the tax consequences of the Negotiated Settlement Amount.

    b.    **<u>Tax Indemnity</u>**. In the event that any federal, state or local taxing authority or court determines that taxes, interest, penalties and/or other costs are due and owing by Defendants as a result of any non-payment by Plaintiff and/or Plaintiff's counsel made hereunder (a "Tax Claim"), said Tax Claim shall be the sole obligation and liability of Plaintiff, who shall hold harmless and indemnify Defendants from any tax-related or other liability. Defendants and/or their attorneys shall give written notice of such Tax Claim by e-mail or overnight mail, to Plaintiff's counsel, Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, New York 10007;

michael@fishertaubenfeld.com; within seven (7) business days of receipt of notice of such Tax Claim, and Defendants and/or their counsel shall provide Plaintiff a reasonable opportunity to cure such Tax Claim before making a claim for indemnity pursuant to this indemnification provision. Defendants and/or their counsel shall reasonably cooperate with Plaintiff and/or with his counsel, to the extent possible, to minimize the costs associated with this indemnity.

       c.    **Tax Treatment of Attorneys' Fees**. The portion of the Negotiated Settlement Amount referred to in Subparagraph 1.a.iii is to be treated as 1099 income (for attorneys' fees and costs), not wages, under Internal Revenue Code 104(a)(2).

    3.    **Release of Wage-and-Hour Claims**. In consideration of the payment by the Defendants of the Negotiated Settlement Amount described in Paragraph 1, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself and his agents, assigns, heirs, executors, administrators and representatives, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, and each of their respective (as applicable) heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers (collectively, "Releasees"), from any and all actions, charges, causes of action, complaints, claims, judgments and liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, foreseen or unforeseen, in law or in equity, including but not limited to all of the claims asserted or that could have been asserted in the complaint in the Litigation concerning wage-and-hour matters relating to Plaintiff's employment with the Defendants, including, but not limited to, any and all wage-and-hour and related claims arising under the Fair Labor Standards Act, the New York Labor Law, and/or the New York Wage Theft Prevention Act, as well as wage-and-hour claims for minimum wages, overtime compensation, spread-of-hours compensation, statutory penalties and any other unpaid compensation and/or wages, and any and all claims for breach of contract, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants, whether based on common law or otherwise, in connection with Plaintiff's employment with Defendants (collectively, "Claims"), from the beginning of the world through the date of Plaintiff's execution of this Agreement.

       a.    **Collective/Class Action Waiver**. Plaintiff waives any right or ability to be a class or collective action representative or otherwise to participate in any putative or certified class, collective or multi-party action or proceeding based on any FLSA and/or NYLL claim in which any Defendant is a party. In the event any class or collective action is brought against any Defendant pursuant to the FLSA and/or the NYLL, which includes or may include Plaintiff, upon learning of the Plaintiff's inclusion, Plaintiff shall within a reasonable time (not to exceed two (2) weeks) withdraw therefrom without obtaining or accepting any relief or recovery.

       b.    **Covenant Not to Sue**. Plaintiff covenants not to file any complaint, claim or suit in any judicial or administrative forum, including but not

limited to any state or federal court in New York; the United States Department of Labor, or the New York State Department of Labor, regarding the Claims and/or alleging a violation of the FLSA and/or the NYLL by any Defendant. Plaintiff represents that other than the Litigation, he has not filed, caused to be filed, or presently is a party to any filed claim, complaint, or action regarding the Claims and/or alleging a violation by any Defendant of the FLSA and/or the NYLL against any of the Defendants in any judicial or administrative forum, including but not limited to any state or federal court in New York; the United States Department of Labor, or the New York State Department of Labor.

      c.    **Claims Not Released**. The release contained in this Paragraph 3 does not extend to (i) any subsequent action or proceeding to enforce this Agreement or (ii) any claims that cannot lawfully be waived or released.

      d.    **Effective Date of Release.** The release contained in this Paragraph 3 shall become effective upon receipt by Plaintiff and/or his counsel of the Negotiated Settlement Amount in accordance with this Agreement.

4.    **Dismissal of the Litigation in Its Entirety.** As part of the submission of this Agreement to the Court for approval, the Parties shall request that the Court dismiss the Litigation in its entirety, with prejudice as to the Plaintiff. The Parties shall cooperate in submitting any additional documentation that may be required by the Court to effect the dismissal of the Litigation in its entirety, and with prejudice as to the Plaintiff. The parties shall jointly request that the Court retain jurisdiction over this case to interpret and enforce the Agreement.

5.    **No Admission of Wrongdoing**. Neither the execution of nor compliance with this Agreement by Defendants shall be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order, and Defendants and/or Releasees specifically disclaim any liability, culpability, negligence, or wrongdoing toward Plaintiff.

6.    **Non-Disparagement.**

      a.    Plaintiff shall not, in any manner, disparage or make any negative or disparaging statements about or concerning Defendants in any forum or form, whether electronic or otherwise, including, without limitation, (i) comments or statements to the press or any individual or entity which could adversely affect the conduct of the business of Defendants or the reputation or interests of Defendants, and/or (ii) any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the business of Defendants or the reputation or interests of Defendants. Notwithstanding the foregoing, nothing in this Agreement shall prevent or prohibit Plaintiff from making truthful statements about this Litigation and his experience litigating this Litigation.

      b.    Mr. Manzi shall not, in any manner, disparage or make any negative or disparaging statements about or concerning Plaintiff in any forum or form, whether electronic or otherwise, including, without limitation, (i) comments or statements to the press or any individual or entity which could adversely affect

the reputation or interests of Plaintiff, and/or (ii) any statements or postings on any social networking or other internet website (including, but not limited to, Twitter, Facebook, LinkedIn and Instagram), which could adversely affect the reputation or interests of Plaintiff.

7. **No Entry Upon Defendants' Premises/Work Sites**. Plaintiff shall not enter Defendants' principal place of business, River City Grille, located at 6 South Broadway, Irvington, New York 10533, including the adjacent parking areas. Plaintiff acknowledges that this covenant constitutes a material inducement for the Defendants to enter into this Agreement.

8. **Modification of the Agreement**. This Agreement may not be changed unless the changes are in writing and signed by the respective proper representatives of Plaintiff Rodriguez and Defendants.

9. **Acknowledgments**. Plaintiff Rodriguez and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff Rodriguez and Defendants further acknowledge that the only consideration for signing this Agreement is as set forth in this Agreement. Plaintiff further acknowledges that he is not entitled to any additional payment for wages or any other compensation from Defendants other than the Negotiated Settlement Amount.

10. **Prevailing Party Fees**. Unless otherwise stated in this Agreement, in the event of any litigation or proceeding to enforce or regarding a breach of the terms of this Agreement, the prevailing Party shall be entitled to recover from the other reasonable attorneys' fees and costs.

11. **Notices**. Notices required under this Agreement shall be in writing by first-class mailing or email and shall be deemed given on the first business day following first-class mailing or electronic transmission thereof. Notice hereunder shall be delivered:

To Plaintiff Rodriguez:

Michael Taubenfeld, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Tel: (212) 571-0700
Email: michael@fishertaubenfeld.com

To Defendants:

Regina E. Faul, Esq.
PHILLIPS NIZER LLP
485 Lexington Avenue
New York, NY 10017
(212) 977-9700
Email: rfaul@phillipsnizer.com

12. **Governing Law**.  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York in any subsequent proceeding to enforce this Agreement.  This Agreement shall not become effective or enforceable until it is approved by the Court.

13. **Enforceability**.  If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect.  However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff Rodriguez agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

14. **Release Notification**.  Defendants advised Plaintiff to discuss the terms of this Agreement and the release of the Claims with his legal counsel, and Plaintiff acknowledges that he has consulted with Fisher Taubenfeld LLP.  Plaintiff Rodriguez acknowledges that it is his choice to waive the Claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his counsel.  Plaintiff Rodriguez confirms that he understands the terms of this Agreement and the release of the Claims, and that he is signing this Agreement voluntarily.

15. **Counterparts**.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  This Agreement may be executed and/or transmitted by facsimile/electronic means, including but not limited to the use of reputable third-party services such as DocuSign.  Any signature made and/or transmitted by facsimile/electronic means for the purpose of executing this Agreement shall be deemed an original signature of this Agreement and shall be binding upon the Party whose counsel transmits such signature by facsimile/electronic means.

**IN WITNESS THEREOF**, the Parties have knowingly and voluntarily executed this Agreement as of the dates set forth below.

**PLAINTIFF**:

*[DocuSigned signature: F136F4138DF142C...]*

ISRAEL RODRIGUEZ

3/2/2022

Date

**DEFENDANTS:**

**6 SOUTH BROADWAY CORP. D/B/A RIVER CITY GRILLE**

By: _____[signature]_____   ___3/3/22___
Print Name  Robert Manzi      Date
Title  President

_____[signature]_____   ___3/3/22___
**ROBERT MANZI**          Date

7