UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ISRAEL RODRIGUEZ, individually and on
behalf of others similarly situated,

                                     Plaintiff,                  **ORDER**

                          -against-                        21 Civ. 7438 (JCM)

6 SOUTH BROADWAY CORP d/b/a
River City Grille, and Robert Manzi,

                                Defendants.
-------------------------------------------------------------X

       Plaintiff Israel Rodriguez ("Plaintiff") commenced this putative class action to recover unpaid minimum and overtime wages, spread-of-hour premiums, and liquidated and statutory damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law ("NYLL"), §§ 190, *et seq.*, and 650, *et seq.* (Docket No. 1). On December 21, 2021, January 11, 2022 and January 19, 2022, the parties engaged in court-ordered mediation, (Docket No. 11), and reached a settlement. On March 2, 2022, the parties submitted a Settlement Agreement and Release of Claims ("Agreement") for the Court's review[1], accompanied by a joint letter in support of the Agreement, as well as attorney's time records and costs. (Docket No. 16).[2]

       "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and

---

[1] The parties submitted a fully executed Agreement on March 3, 2022. (Docket No. 18).

[2] The parties consented to the jurisdiction of the undersigned over this matter for all purposes pursuant to 28 U.S.C. § 636(c) on March 3, 2022. (Docket No. 17).

defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotations omitted).

Here, the parties engaged in early mediation, meeting with the mediator three separate times, and focused on resolving the matter before extensive discovery was conducted. "There is much to admire in this approach, which conserves both attorney time and judicial resources." *Plizga v. Little Poland Rest. Inc.*, No. 15-cv-08820(LAK)(BCM), 2016 WL 9307474, at *5 (S.D.N.Y. July 18, 2016). Furthermore, based on my review of the Agreement, the joint letter, and the documentation supporting the reasonableness of the attorney's fees and costs, (Docket No. 16), I find the settlement was the product of arm's-length negotiations between able counsel and that the terms of the Agreement, including the approval of Plaintiff's counsel's fees, are a fair and reasonable resolution of the case. *See Johnson v. Brennan*, No. 10 Civ. 4712(CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.") (citations omitted). Accordingly, the Court approves the settlement.

The Clerk is respectfully requested to close the case.

Dated: March 11, 2022
       White Plains, New York

**SO ORDERED:**

*[signature]*

JUDITH C. McCARTHY
United States Magistrate Judge